IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MATTHEW LEFEBRE,<br><br>      Plaintiff,<br><br>vs.<br><br>RICHARD CHRISTENSEN; DOES<br>1 through 100; and ROE CORPORATIONS<br>1 through 100,<br><br>      Defendants. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Case No. 2:20-cv-329-TC-DAO |

  Plaintiff Matthew LeFebre alleges one count of negligence against Defendant Richard Christensen for severe injuries that Mr. LeFebre sustained during a collision with Mr. Christensen's truck that occurred while Mr. LeFebre was riding his ATV on a remote mountain road. The court has diversity jurisdiction under 28 U.S.C. § 1332, as Mr. LeFebre is a citizen of Nevada and Mr. Christensen is a citizen of Utah and Mr. LeFebre asserts damages of over $75,000. The case is set for a five-day jury trial on May 1, 2023, and the parties have filed several motions in limine in preparation for trial (ECF Nos. 31-34, 41, 46). The court heard those motions during a remote hearing on March 7, 2023. Having ruled on several of those motions during the hearing, the court now follows its rulings with a written order.

1

**Background**

The accident in which Mr. LeFebre was injured occurred the afternoon of July 20, 2018, near the border of Sevier County and Piute County in central Utah on an unpaved section of Manning Meadows Road.  Mr. LeFebre was riding his ATV with a group of ATV riders.  William McMullin, who was leading the group, was the first rider to encounter a pickup truck and trailer driven by Mr. Christensen and his wife, who were traveling in the opposite direction.  Mr. McMullin narrowly avoided an accident with the Christensens.  Moments thereafter, Mr. LeFebre struck the Christensens' truck and was launched off his bike, landing against the shoulder of the road.  His left leg was severely injured.  See ECF No. 43.  Mr. McMullin called 911 and emergency crews arrived about 50 minutes later.  Mr. LeFebre was then flown by helicopter to Utah Valley Hospital.

Mr. LeFebre maintains that Mr. Christensen was driving negligently.  Mr. Christensen defends against this assertion, claiming that the ATV riders were traveling too fast, and that Mr. LeFebre lost control of his ATV and slid into the Christensens' truck.

Both parties have designated accident reconstruction specialists as retained experts. Plaintiff has designated David A. Danaher, while Defendant has designated Gregory S. DuVal. Plaintiff has also designated Becky Czarnik, a registered nurse, as a retained expert, and Defendant has designated Matthew Whittaker, an accident investigator and Deputy Sheriff of Piute County, as a non-retained expert.

Plaintiff has filed four motions in limine (Motions in Limine 1-4, ECF Nos. 31-34). Defendant has filed one motion in limine (Motion in Limine Regarding Golden Rule Arguments, ECF No. 46) and a motion to bifurcate (ECF No. 41).

**Motion to Bifurcate**

Defendant moves to bifurcate the trial to separate the issues of liability and damages. Defendant argues that the jury may be prejudiced during the liability phase of the trial by the graphic nature of the evidence concerning the extent of Mr. LeFebre's injuries. He also argues that dividing the trial into two phases would promote judicial economy, as the second phase would be obviated if the jury found that Defendant was not negligent during the first phase.

Rule 42(b) of the Federal Rules of Civil Procedure permits a court to order a separate trial of one or more claims "[f]or convenience, to avoid prejudice, or to expedite and economize…." Fed. R. Civ. P. 42(b). In a typical case,

> the presumption is that the plaintiff … should be allowed to present her case in the order she chooses. The burden is on the defendant to convince the court that a separate trial is proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience to all parties.

Sensitron, Inc. v. Wallace, 504 F. Supp. 2d 1180, 1186 (D. Utah 2007) (quotation omitted). Nevertheless, the court has broad discretion in decisions relating to bifurcation, see Easton v. City of Boulder, Colo., 776 F.2d 1441, 1447 (10th Cir. 1985), and finds that Defendant has carried his burden to demonstrate that bifurcation is appropriate.

When considering a motion to bifurcate, the court examines the following factors: 1) judicial economy; 2) convenience to the parties; 3) expedition; and 4) avoidance of prejudice and confusion. Sensitron, F. Supp. 2d at 1186 (citations omitted). Here, the fourth factor weighs in favor of bifurcation. Testimony and evidence relating to the extent of Mr. LeFebre's injuries is distinct and separable from testimony and evidence relating to liability, and the jury may be prejudiced if the two issues are intertwined. This court has previously bifurcated a trial into separate phases for liability and damages where it found that "emotionally charged evidence" of extensive injuries could improperly influence the jury. Amos v. W.L. Plastics, Inc., No. 2:07-CV-

3

49-TS, 2009 WL 5197143, at *2 (D. Utah Dec. 22, 2009) (finding the defendant had "legitimate concerns that the jury may be improperly influenced because of emotional evidence on damages" where a decedent had been left in a comatose and vegetative state for over a year after an accident).

Furthermore, the court finds that judicial economy and convenience will be served if the jury finds Defendant not liable and may otherwise be preserved by adopting the same procedure the court used in Amos—namely, to have the same jury consider damages immediately after liability. Id.; see also Trujillo v. Am. Fam. Mut. Ins. Co., No. 1:08-CV-36-TS, 2009 WL 440638, at *5 (D. Utah Feb. 20, 2009) ("[E]ven when a court decides to bifurcate a trial into separate phases, the same jury should ordinarily hear both phases.").

**Plaintiff's Motion in Limine No. 1**

Plaintiff moves 1) to limit the testimony of Defendant's accident reconstruction expert, Gregory S. DuVal; and 2) to exclude nine photographs included in Mr. DuVal's report.

1. **Expert Testimony**

Plaintiff has not objected to Mr. DuVal's qualifications as an accident reconstruction expert but instead argues that certain opinions offered in Mr. DuVal's report invade the fact-finding function of the jury or are too subjective to be admissible. Specifically, Plaintiff objects to Mr. DuVal's use of words like "reasonable," "appropriate," "safe," and "correct" in reference to Mr. Christensen's actions, as well as to Mr. DuVal's opinions about what caused the accident.

The court declines to issue a blanket prohibition on Mr. DuVal's opinions about causation or to treat certain words as talismanic. The purpose of an accident reconstruction expert is to help the jury understand what may have caused the accident, a question that is distinct from whether Defendant's actions were negligent. The testimony of a properly qualified

4

expert is admissible "even though it express[es an expert's] opinion on the cause of the accident." Ponder v. Warren Tool Corp., 834 F.2d 1553, 1557 (10th Cir. 1987); cf. Werth v. Makita Elec. Works, Ltd., 920 F.2d 643, 650 (10th Cir. 1991) ("[A]n accident reconstruction expert [is not required] to conduct independent tests before an opinion on causation is admissible."). Furthermore, Rule 704 states: "An opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a).

The key question is whether Mr. DuVal's testimony satisfies the factors listed in Federal Rule of Evidence 702. An expert witness may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702; see also Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993); Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999) (clarifying that the gatekeeping function of the court outlined in Daubert applies to all expert testimony, not just to testimony based on scientific knowledge).

Rather than make a premature judgment about what Mr. DuVal will say at trial, the court will instead hold a Daubert hearing outside the presence of the jury to determine whether Mr. DuVal's testimony satisfies the requirements of Rule 702. Accordingly, the court denies without prejudice Plaintiff's motion to limit Mr. DuVal's testimony. Plaintiff may resurrect his objections at the Daubert hearing to the extent that Mr. DuVal's testimony is not based on sufficient facts or data or otherwise fails to comply with Rule 702.

### 2. Photographs

Plaintiff moves to exclude nine photographs included in Mr. DuVal's expert report (Exhibits 8a, 8b, 8e, 8f, 8g, 8h, 18a, 18b, 18c, ECF No. 31-3) on the grounds that they are inaccurate, that the danger of unfair prejudice substantially outweighs their probative value, and that therefore they are inadmissible under Federal Rule of Evidence 403. Both parties admit that the dimensions of the ATV and the truck used in the accident reconstruction photos are not the same as the vehicles involved in the accident. Plaintiff asserts that the reconstruction truck is 3.0 inches wider than Defendant's truck and the reconstruction ATV is 5.9 inches wider that Plaintiff's ATV. Defendant agrees with the truck measurements but states that the reconstruction ATV is only 4.1 inches wider. Combining the size differences, the reconstruction vehicles reduce the amount of space available on the road by somewhere between 7.1 inches to 8.9 inches, over half a foot. The court finds that half-foot is a substantial difference, especially where the two vehicles are pictured together (see Exhibit 18, ECF No. 31-3). The probative value of such side-by-side photos is low because the photos do not accurately depict how much clearance the vehicles would have had when passing each other. The court therefore agrees with Plaintiff that the probative value of these photos is substantially outweighed by their potential for unfair prejudice and holds that Exhibits 18a, 18b, 18c are not admissible.

The court is less concerned about distortion in the photos included in Exhibit 8, which depict only the ATV or the truck, but not both. These photos help the jury understand the scene of the accident and Plaintiff may instruct the jurors that the vehicles in the photos are of slightly larger dimensions than the vehicles involved in the accident. Similarly, the court does not find substantial unfair prejudice in Exhibit 8e, even though the photo includes a truck but no trailer.

6

The jury may be instructed as to the trailer's absence and the court finds that the probative value of this photo is not substantially outweighed by the potential for unfair prejudice.

Accordingly, the court grants in part and denies in part Plaintiff's motion. The court will admit the photos included in Exhibit 8 (specifically at issue: Exhibits 8a, 8b, 8e, 8f, 8g, and 8h) but exclude the photos in Exhibit 18 (Exhibits 18a, 18b, and 18c).

**Plaintiff's Motion in Limine No. 2**

Plaintiff moves to exclude the testimony of Matthew Whittaker, a Deputy Sheriff for Piute County and an officer who arrived on the scene after the accident, on the ground that his opinions are purely speculative. Deputy Whittaker is a non-retained expert whom Defendant has designated as an expert in accident investigation.

Other courts have permitted accident investigators to testify as experts even while noting the distinction between investigators and reconstruction specialists. See United States v. Kee, 606 F. Supp. 3d 1093, 1098 (D.N.M. 2022) (holding that a former member of the Albuquerque Police Department, while lacking the qualifications typical of accident reconstruction experts, nevertheless had the requisite knowledge and skill "to serve as an expert witness in the less-scientifically rigorous field of accident investigation").[1] The central question, again, is whether Deputy Whittaker's expert testimony complies with the requirements of Rule 702. The court will therefore hold a Daubert hearing at the time of trial to rule on the admissibility of Deputy Whittaker's testimony. Because Deputy Whittaker is a non-retained expert, the court will conduct this hearing during trial on a day when Defendant has required Deputy Whittaker's

---

[1] The Kee court further noted that an accident investigator (such as Deputy Whittaker) is "not qualified to reconstruct an accident" and therefore, unlike an accident reconstruction expert (such as Mr. DuVal), cannot "render an ultimate opinion on if and how an accident occurred." 606 F. Supp. 3d at 1098.

presence by subpoena.

The court further notes that Deputy Whittaker's testimony concerning his observations about the scene of the accident may come in as lay testimony even if it is not properly qualified as expert testimony. See United States v. Cristerna-Gonzalez, 962 F.3d 1253, 1259 (10th Cir. 2020) ("[A] law-enforcement officer's testimony based on knowledge derived from the investigation of the case at hand is typically regarded as lay testimony…."). Indeed, Deputy Whittaker may testify as both a lay witness and an expert witness. See United States v. Caballero, 277 F.3d 1235, 1247 (10th Cir. 2002) (noting that the Federal Rules of Evidence "distinguish between expert and lay testimony, not between expert and lay witnesses").

Accordingly, the court denies without prejudice Plaintiff's motion.

**Plaintiff's Motion in Limine No. 3**

Defendant alleges that Mr. McMullin, the lead rider in the group of ATV riders, ran back to the scene of the accident and said to him: "I know better than that. We were going way too fast." Plaintiff moves to exclude this statement as hearsay under Federal Rule of Evidence 801. The court agrees with Plaintiff that Mr. McMullin's statement is hearsay but finds that the statement is nevertheless admissible as an excited utterance.

Federal Rule of Evidence 803(2) provides that "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused" is admissible as an exception to the rule against hearsay. Three conditions must be met for a statement to qualify as an excited utterance: "[T]he proponent must establish (1) a startling event, (2) the declarant made the statement under the stress of the event's excitement, and (3) a nexus exists between the content of the statement and the event." United States v. Magnan, 863 F.3d 1284, 1292 (10th Cir. 2017). All three conditions are all met here. The accident and the

8

severity of Mr. LeFebre's injuries were both startling events and Mr. McMullin testified that "we were kind of all in shock as to what was happening in front of us" when he described the conversation he had with the Defendant.  See McMullin Dep. 88:12-89:7, ECF No. 39-2. Finally, Mr. McMullin's statement and the startling event are directly connected.

The court therefore denies without prejudice Plaintiff's motion.

**Plaintiff's Motion in Limine No. 4**

Plaintiff moves to preclude Defendant from imputing any liability to Mr. McMullin under the theory that Mr. McMullin failed to train or instruct Mr. LeFebre in the operation of the ATV. Defendant does not oppose this motion and the court agrees that Defendant has not timely filed any statements allocating fault to a non-party as required by Utah Code § 78B-5-821(4).

The court therefore grants Plaintiff's motion.

**Defendant's Motion in Limine Regarding Golden Rule Arguments**

Defendant moves to prohibit Plaintiff from introducing arguments about how this lawsuit would impact personal safety or public safety rules.  Plaintiff agrees that golden-rule arguments related to damages (i.e., arguments that ask the jury to place themselves in Plaintiff's shoes, see Golden-rule argument, Black's Law Dictionary (11th ed. 2019)) are prohibited.  But he argues that Defendant's motion is overly broad and would inappropriately prohibit golden-rule arguments related to liability or "reptile brain" arguments, a strategy that focuses on "the danger to the community that the defendant[] pose[s]" and that is aimed at "empowering the jury to improve the community's safety."  Infiesta-Montano v. Cocca Dev. Ltd., No. 18-CV-4-R, 2019 WL 7630627, at *6 (D. Wyo. June 7, 2019).

The court grants Defendant's motion as it relates to golden-rule arguments about damages but declines to issue a broader prohibition on golden-rule arguments related to liability, or

9

"reptile brain" arguments.  Defendant may raise objections to such arguments at trial if Plaintiff's counsel uses them for undue emotional appeal or to otherwise inflame the jury.

## ORDER

For the foregoing reasons, and for the reasons stated on the record at the hearing on March 7, 2023, the court GRANTS Defendant's motion to bifurcate (ECF No. 41).

The court GRANTS IN PART and DENIES WITHOUT PREJUDICE IN PART Plaintiff's First Motion in Limine (ECF No. 31).  The court will admit Exhibits 8a, 8b, 8e, 8f, 8g, and 8h but will exclude Exhibits 18a, 18b, 18c of Mr. DuVal's expert report.  Furthermore, the court will hold a Daubert hearing at trial to determine the admissibility of Mr. DuVal's testimony.

The court DENIES WITHOUT PREJUDICE Plaintiff's Second Motion in Limine (ECF No. 32).  The court will hold a Daubert hearing at trial to determine the admissibility of Deputy Whittaker's testimony.

The court DENIES WITHOUT PREJUDICE Plaintiff's Third Motion in Limine (ECF No. 33) and GRANTS Plaintiff's Fourth Motion in Limine (ECF No. 34).

The court GRANTS IN PART and DENIES WITHOUT PREJUDICE IN PART Defendant's Motion in Limine Regarding Golden Rule Arguments (ECF No. 46).  The court excludes golden-rule arguments related to damages but will evaluate at trial whether any golden-rule arguments related to liability, or any reptilian brain arguments, are used for undue emotional appeal.

DATED this 24th day of March, 2023.

BY THE COURT:

_____
TENA CAMPBELL
U.S. District Court Judge